JAMES McFARLAND & others *vs.* WILLIAM P. CHASE.

A conveyance of land by all the members of a partnership to a new firm, consisting of themselves and one other, transfers an undivided share of the land to the new partner, and puts an end to an existing lease at will of the estate; and the tenant at will, if he has actual notice of the conveyance, is liable to the landlord and tenant process, without previous notice to quit.

ACTION on the Rev. Sts. *c.* 104, by four persons, partners, to recover possession of land in Andover.

At the trial in the court of common pleas, the plaintiffs gave in evidence a deed of warranty of the premises from Thomas C. Foster to all the plaintiffs except McFarland, as partners; and a like deed from said three plaintiffs to the four plaintiffs, as partners; they having, in the interval between the two conveyances, formed a new partnership for a different business, consisting of the three members of the old firm and McFarland; but this last deed was not recorded until after this action was brought, though there was oral evidence that the defendant had notice of it before that time. It was admitted that the defendant was tenant at will of the first firm.

The plaintiffs contended that the last deed put an end to the tenancy at will of the defendant to the old firm, and that he thereafter became a tenant at sufferance to the new firm, and that the notice of said conveyance was sufficient to enable them to maintain their action against a tenant at sufferance.

The defendant contended that this action could not be maintained : First, because the last deed was not recorded till after this action was commenced; and, secondly, because the three grantors and three of the grantees in said deed are the same persons; and that, for these reasons, the deed was not such a conveyance as would put an end to the defendant's tenancy at will to the old firm, and convert him into a tenant at sufferance to the new one. He also contended that the notice of the conveyance was insufficient.

*Perkins,* J. ruled " that as it did not appear that any partner-

ship purpose was to be subserved by the conveyance, or that the rights of any partnership creditor were in question, the deed from the first three partners to themselves and McFarland gave no new right to the three ; and at most would convey either the whole estate to McFarland, in which case these plaintiffs could not sustain the present process ; or an undivided quarter part would be conveyed to McFarland, the other three quarters remaining as before in the three others, in which case this process could not be supported, in favor of those three, without a compliance with the statute notice to quit ; and that on the whole case this process could not be maintained." Thereupon a verdict was rendered for the defendant, and the plaintiffs alleged exceptions.

*J. W. Perry,* for the plaintiffs.

*S. H. Phillips,* for the defendant.

SHAW, C. J. Whether the warranty deed executed by the three owners, partners, to themselves and one other person, changed the character of the estate held by the three, or not, we do not consider very material. It operated as a grant of one quarter to the fourth, who previously had no share. It therefore reduced their shares from a third to a quarter each. As to such quarter, it was an alienation ; a new owner came in, to whom the defendant was not tenant at will, and thereby the tenancy at will was determined ; and then, by operation of law, this process will lie, without three months' notice to quit. *Howard* v. *Merriam,* 5 Cush. 563.

If the defendant had actual notice of the alienation by deed, before the suit was brought, it is sufficient, though not recorded. *Furlong* v. *Leary,* 8 Cush. 409.      *Exceptions sustained.*